IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ESTATE OF NATHAN KING, *et al.*, | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-31 |
| POLK COUNTY, *et al.*, | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Timmie King[1], individually and as personal representative of the estate of Nathan King, and on behalf of T.K. and N.K., minor children, and Plaintiff Rashad King, individually, proceeding *pro se* and *in forma pauperis*, filed this suit pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and a Survival and Wrongful Death Action against the following defendants: Polk County, Polk County Sheriff Kenneth Hammack, Wanda Standley[2], Melenda Cole, Health Horizons, Dr. Raymond Luna, Natalie Hoskowitz, Mary Conroy and Unknown Polk County Deputies/Officials.

### The Complaint

Plaintiffs filed the Original Complaint on February 24, 2017 (Doc. #1). Plaintiffs assert claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and a Survival and Wrongful Death Action.

---

[1] Timmie King is the mother of Nathan King. Rashad King is the son of Nathan King who appears to be an adult based on plaintiff's response to the Magistrate Judge's Order to Replead.

[2] Wanda Standley is incorrectly identified as "Wanda Stanley" and "JuJu Standley" in Plaintiff's Original Complaint. The signature of Wanda Standley appears on the certified mail receipt cards sent by the Marshal's office to Wanda Standley and JuJu Standley.

Plaintiffs state that Nathan King, died on February 22, 2015 after being hospitalized for pulmonary tuberculosis. According to the complaint, Nathan King was a pre-trial defendant in the custody of the Polk County Jail for trespass and retaliation. Nathan King was arrested on July 20, 2014 and remained in pre-trial detention for seven months because he could not make bail. Nathan King was never convicted of either charge.

Plaintiffs state Nathan King had a documented diagnosis of schizophrenia and bipolar disorder. Nathan King was diagnosed with tuberculosis while in pre-trial detention. According to the complaint, he was immediately placed in segregation when he entered the jail and he remained in segregation until he was taken to the hospital. Plaintiffs allege Nathan King was transported to the hospital, over the objections of Melenda Cole, when he began to have noticeable weight loss and was unable to walk.[3] Plaintiffs allege Wanda Standley was made aware of Nathan King's weight loss and his inability to walk but did nothing except order that he be given unlimited peanut butter and jelly sandwiches. Plaintiffs contend that Health Horizons did not provide access to testing for Nathan King after he asked for a tuberculosis test. Plaintiffs assert that Dr. Raymond Luna, the Polk County Jail's doctor, was aware of the sick call request but ignored the request. Natalie Hoskowitz and Mary Alice Conroy performed a follow-up psychological evaluation on Nathan King days before he was admitted to the hospital and, according to plaintiffs, disregarded his illness and physical changes and did nothing to provide any care for his illness.

Plaintiffs state that Nathan King died of a curable disease, tuberculosis, after the Polk County jail, Sheriff, nurses, physicians, and testing services willfully ignored his complaints and

---

[3] According to plaintiff, defendant Cole objected to Nathan King's transfer to the hospital as the medical staff at Polk County Jail did not order the transport but, rather, a Jailer named Craig Cooper.

clearly visible deteriorating condition leading to his death. Plaintiffs specifically allege that the defendants were deliberately indifferent to Nathan King's serious medical needs.

Plaintiffs seek damages for mental anguish, pain and suffering, cost of medical bills and funeral expenses, punitive damages, attorneys' fees, and discrimination for disabled and loss of companionship, love and society and pre and post judgment interest and all other actual and legal and equitable remedies to which plaintiffs may be entitled.

After ordering plaintiffs to replead and receiving a response, the court ordered the Clerk of Court to issue process and the United States Marshal to serve process upon the defendants Polk County, C/O County Judge Sydney Murphy, Sheriff Kenneth Hammack, Wanda Standley, Dr. Raymond Luna, Melenda Cole, Natalie E. Hoskowitz and Dr. Mary Conroy (Doc. #12).[4] Service was returned unexecuted as to defendant Hoskowitz.

Defendant Conroy filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on October 8, 2019 (Doc. #20). Defendant Luna filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 22, 2019 (Doc. #21). Defendants Cole, Hammack, Polk County, and Wanda Standley filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6) on October 24, 2019 (Doc. #22). Despite ample time to do so, plaintiffs have yet to file a response to the defendants' motions to dismiss and have failed to otherwise correspond with the Court. While the court will determine whether a motion to dismiss is properly presented and supported, and will not rule against a party solely for failing to oppose the motion, the failure to oppose "creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." E.D. Tex. Local Rule CV-7(d).

---

[4] Plaintiffs did not provide an address for the defendant Health Horizons.

Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's complaint. FED. R. CIV. P. 12(b)(1). The Rule allows a party to challenge the subject-matter jurisdiction of a district court based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting the existence of jurisdiction bears the burden of proof once a court's subject-matter jurisdiction is challenged. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Federal Rule of Civil Procedure 12(b)(5) permits a challenge to the method of service attempted by the plaintiffs or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *Tinsley v. Comm'r of I.R.S.*, 19983 WL 59581, at *3 (N.D. Tex. Feb. 9, 1998). Failure to timely serve a defendant is grounds for dismissal without prejudice. *Id*.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In reviewing a Rule 12(b)(6) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] . . . Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 1949-50.

To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge their claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words,

a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 1937 (2009). Determining whether a complaint states a plausible claim for relief survives a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Generally, courts should give plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court may deny leave to amend, however, if the defects are incurable or the plaintiffs have already alleged their best case. *See id; Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Discussion & Analysis

*Statute of Limitations*

Plaintiffs assert claims pursuant to 42 U.S.C. § 1983, the ADA, the RA, and for wrongful death and survival actions under Texas law. Plaintiffs do not specify which claims are asserted against which defendants. Giving a liberal construction to plaintiffs' pleadings, the Court will presume plaintiffs is asserting all claims against all the defendants.

Because there is no specific federal statute of limitations governing claims brought under § 1983, federal courts look to the law of the state in which the action arose to determine the appropriate limitations period, usually borrowing the state's general personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 236 (1989); *K.M.C. ex rel Nobre v. La. Dep't of Pub. Safety*, 935 F.3d 437, 440 (5th Cir. 2019); *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019); *Winzer v. Kaufman Cty.*, 916 F.3d 464, 470 (5th Cir. 2019); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005); *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 576 (5th Cir.), *cert. denied*, 543 U.S. 820 (2001); *see also* 42 U.S.C. § 1988.

Because § 1983 claims are most analogous to Texas personal injury claims, the applicable statute of limitations is two years, as set forth in § 16.003 of the Texas Civil Practice & Remedies Code. *Winzer*, 916 F.3d at 470; *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018); *Jones v. Tex. Juvenile Justice Dep't*, 698 F. App'x 215, 216 (5th Cir. 2017), *cert. denied*, 138 S.Ct. 1566 (2018); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015).

The United States Court of Appeals for the Fifth Circuit, noting that discrimination claims are analogous to personal injury claims, has also applied Texas' two-year statute of limitations for personal injuries to claims brought pursuant to the ADA and RA. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (citing *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir. 1992)), *cert. denied*, 565 U.S. 1200 (2012). Thus, plaintiffs were required to bring their claims "no later than the same calendar day two years following the accrual of the cause of action." *Price*, 431 F.3d at 893; *see Winzer*, 916 F.3d at 470; *Piotrowski*, 237 F.3d at 576.

Under the Texas Wrongful Death Statute ("TWDS"), a person who causes the death of another person because of his or her "wrongful act, neglect, carelessness, unskillfulness, or default" is liable for damages. TEX. CIV. PRAC. & REM. CODE ANN. § 71.002(b). The Texas Survival Statute ("TSS") allows a personal injury survival action "in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b). Action under the TWDS and TSS are derivative actions. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). In other words, actions under these two statutes are "wholly derivative" of the decedent's rights, and the actionable wrong that is suffered by the decedent before his death. *Id.* Wrongful death and survival claims are also subject to a two-year statute of

6

limitations period that begins on "the death of the injured person." *See* TEX. CIV. PRAC. & REM. CODE § 16.003.

A federal court applying a state statute of limitations must give effect to the state's tolling provisions as well. *See Hardin v. Straub*, 490 U.S. 536, 542-44 (1989); *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 483-86 (1980); *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citing *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016)); *King-White*, 803 F.3d at 764. On the other hand, federal law determines when a cause of action accrues. *McDonough v. Smith*, 139 S.Ct. 2149 (2019); *Frame*, 657 F.3d at 238.

Here, it is undisputed that the two-year statute of limitations applies, and that plaintiff's claims accrued at the latest on February 22, 2015, the date Nathan King passed away. Therefore, absent tolling, the statute of limitations expired on Wednesday, February 22, 2017, which was not a federal holiday. However, plaintiffs did not file this lawsuit until Friday, February 24, 2017. The record reflects no attempt by Plaintiffs to serve any Defendant until they were ordered to do so more than five months after the statute of limitations had expired. (Doc. #8)

Plaintiffs make no argument that the statute of limitations should be tolled. Courts apply the statute of limitations strictly, dismissing suits filed even a few days after the limitations date. *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430 (S.D. Tex. 2016). Consequently, all of plaintiffs' claims against all the defendants are barred by the statute of limitations. In the alternative, additional reasons for dismissal are set out below.

*Health Horizons*

Plaintiffs failed to provide an address for defendant Health Horizons for service of process. Health Horizons has not been served to date and plaintiffs have not filed anything with this Court since August 29, 2019. Plaintiffs have not inquired as to service of process for this defendant nor

7

otherwise responded. Defendant Health Horizons has not appeared. Plaintiffs' claims against defendant Health Horizons will be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

*Natalie Hoskowitz*

The summons for defendant Natalie Hoskowitz was returned unexecuted on October 28, 2019 (Doc. #24). Plaintiffs have not corresponded with this Court since August 29, 2019 (Doc. #11). Plaintiffs have not provided a different address for service of process upon this defendant nor have plaintiffs inquired as to service of process for this defendant. Defendant Hoskowitz has not appeared. Plaintiffs' claims against defendant Hoskowitz will be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

*Claims by Timmie King on Behalf of the Estate of Nathan King and his Minor Children*

Plaintiff, Timmie King, is proceeding *pro se* in this matter. Proceeding *pro se*, she lacks standing to represent the legal interests of the estate of Nathan King and on behalf of her two minor children. A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors. *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 210, n. 11 (5th Cir. 2016) (citing *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)); *see also* 28 U.S.C. § 1654. Furthermore, Rule 11(a) of the Federal Rules of Civil Procedure requires every pleading, motion, and other paper to be signed by an attorney of record or a party personally if the person is not represented. FED. R. CIV. P. 11(a).

In the present case, the complaint makes clear that Timmie King is not a lawyer, is representing herself *pro se*, and is attempting to represent Nathan King's estate and minor children T.K. and N.K. *pro se* as well. Furthermore, not only do plaintiffs fail to allege that Nathan King's estate has no creditors or that Timmie King is the sole beneficiary, it is readily apparent from the

complaint that Nathan King's estate has three potential beneficiaries other than Timmie King: his three children.  A 12(b)(1) motion addresses whether a plaintiff has a right to be in the district court at all and whether the court has the power to hear and dispose of her claim.  *Holloway v. Pagan River Dockside Seafood, Inc*., 669 F.3d 448, 452 (4th Cir. 2012).  As such, Timmie King lacks standing to bring any claims on behalf of Nathan King's estate and her two minor children, T.K. and N.K.  These claims will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## Order

For the foregoing reasons, Plaintiff's claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, as well as the Survival and Wrongful Death actions against all the defendants are DISMISSED WITH PREJUDICE.

So **ORDERED** and **SIGNED  March 30, 2020.**

_____
Ron Clark, Senior District Judge